# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOUG LONGHINI,

    Plaintiff,
v.

LFH 6450 - 3, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues LFH 6450 - 3, LLC (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, LFH 6450 - 3, LLC, owned and operated a

professional office building at 6450 W 21st Court, Hialeah, Florida 33016 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. Defendant, LFH 6450 - 3, LLC, holds itself out to the public as "6450 Professional Building."

6. At all times material, Defendant, LFH 6450 - 3, LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal placed of business located in Doral, Florida.

7. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Miami-Dade County, Florida, Defendant regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

8. Although over twenty-eight (28) years has passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

9. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's business and properties.

10. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI

has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.  He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair.  He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

12. Defendant, LFH 6450 - 3, LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

13. The subject Commercial Property is open to the public and is located in Miami, Miami-Dade County, Florida.

14. The individual Plaintiff visits the Commercial Property and business located within the Commercial Property, regularly, and returned to the Property to document the ADA barriers at the Commercial Property and business located within the Commercial Property on or about May 20, 2021, encountering multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and business located therein. He often visits the Commercial Property and business located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately eighteen (18) miles from his residence, and is near his friends' residences as well as other business he frequents as a patron. He plans to return to the Commercial Property and the businesses located within the Commercial Property within two (2) months of filing this Complaint, specifically on or before August 15, 2021, in order to test the facilities.

15. Plaintiff resides nearby in the same County and state as the Commercial Property and the business located within the Commercial Property, has regularly frequented the Defendant's Commercial Property and the businesses located within the Commercial Property for the intended purposes because of the proximity to his and his friends' residences and other

business that he frequents as a patron, and intends to return to the Commercial Property and business located within the Commercial Property within two (2) months from the filing of this Complaint in order to test the facilities. Specifically, Plaintiff intends to revisit the Property on or before August 15, 2021.

16. The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and the businesses located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

17. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at Defendant's Commercial Property, and the business located within the Commercial Property has each denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and has endangered his safety in violation of the ADA. The barriers to access, which are set forth below, has likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

18. Defendant, LFH 6450 - 3, LLC, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, LFH 6450 - 3, LLC, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, LFH 6450 - 3, LLC, owns and/or operates is located at 6450 W 21st Court, Hialeah, Florida 33016.

19. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the

described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and the businesses located therein to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

20. Defendant, LFH 6450 - 3, LLC, as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in this Complaint.

21. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS

22. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

23. Defendant, LFH 6450 - 3, LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

  A. Parking

i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

i. The plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty entering tenant spaces without assistance, as the door hardware requires tight grasping. Violation: The tenant entrance doors have non-compliant hardware for disabled patrons, violating Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. There are objects on the path of travel at the facility that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections

      206.2.2, 303, 402 and 403, whose resolution is readily achievable.

v. The plaintiff had difficulty traversing the path of travel, as there are cross slopes more than 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff had difficulty traversing the path of travel, as there are wide openings on ground surfaces. Violation: There are inaccessible routes with openings more than ½". These are violations of the requirements in Section 4.5.4 of the ADAAG and Section 302.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    C. <u>Access to Goods and Services</u>

i. There are drinking fountains that don't provide access to those who have difficulty bending or stooping. Violation: There are drinking fountains that are in violation of Section 4.1.3(10) of the ADAAG and Sections 211.2 & 602.7 of the 2010 ADA Standards, whose resolution is readily achievable.

    D. <u>Public Restrooms</u>

i. The plaintiff was exposed to a cutting/burning hazard because the lavatories outside the accessible toilet compartment have pipes that are not properly insulated. Violation: The lavatory pipes are not fully insulated outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards,

whose resolution is readily achievable.

ii. The plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not the required length and the side grab bar is not mounted at the required location. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff could not use the paper towel dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

24. The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the Commercial Business and business located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

25. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities

privileges, benefits, programs and activities offered by Defendant, Defendant's buildings, business and facilities; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26.     Defendant have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

30. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates the business, located at and/or within the commercial property located at 6450 W 21st Court, Hialeah, Florida 33016, the exterior areas, and the common exterior areas of the Commercial Property and business located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cure the violations of the ADA.

WHEREFORE, The Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and

usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: June 7, 2021

                                  **GARCIA-MENOCAL & PEREZ, P.L.**
                                  *Attorneys for Plaintiff*
                                  4937 S.W. 74th Court
                                  Miami, Florida 33155
                                  Telephone: (305) 553-3464
                                  Facsimile: (305) 553-3031
                                  Primary E-Mail: ajperez@lawgmp.com
                                  Secondary E-Mails: bvirues@lawgmp.com
                                    aquezada@lawgmp.com

                              By: ___*/s/ Anthony J. Perez*___
                                    ANTHONY J. PEREZ
                                    Florida Bar No.: 535451
                                    BEVERLY VIRUES
                                    Florida Bar No.: 123713