UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22106-CIV-WILLIAMS/MCALILEY

DOUG LONGHINI,

    Plaintiff,

vs.

POWER ONE PROFESSIONAL AND
MEDICAL CENTER CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE

Plaintiff filed a Motion to Strike several of Defendant's affirmative defenses (the "Motion"), which the Honorable Kathleen M. Williams referred to me for resolution. (ECF Nos. 4, 18). Defendant did not timely file a response. The Court therefore entered an Order to Show Cause, following which Defendant filed its opposition memorandum. (ECF Nos. 23, 24). Plaintiff timely filed a reply. (ECF No. 27). For the reasons that follow, I grant in part and deny in part Plaintiff's Motion.

    **I.**    **Background**

Plaintiff filed this action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, for injunctive relief and attorneys' fees. Plaintiff is a disabled individual who is wheelchair-bound. He alleges that Defendant, which owns and operates an office building, discriminated against him on the basis of his disability because

1

Defendant failed to remove architectural barriers that limited his use of the facilities at the property. *See generally* (Am. Compl., ECF No. 11).

Defendant filed an Answer denying Plaintiff's allegations and asserting ten affirmative defenses. (ECF No. 17). Plaintiff asks the Court to strike the following six affirmative defenses:

> **SECOND AFFIRMATIVE DEFENSE**
> Plaintiff's claims are barred to the extent that the barrier removal, if any, is not "readily achievable". Plaintiff has failed to articulate a plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits.
>
> **THIRD AFFIRMATIVE DEFENSE**
> Plaintiff's claims are barred, in whole or in part, to the extent that the requested modifications, if any, would impose an undue burden on the Defendant.
>
> **FOURTH AFFIRMATIVE DEFENSE**
> Plaintiff's claims are barred, in whole or in part, to the extent that Defendant has adequately provided access through readily achievable alternative methods such as customer service.
>
> **FIFTH AFFIRMATIVE DEFENSE**
> Plaintiff's claims are barred, in whole or in part, by any and all applicable statutes of limitation.
>
> **SIXTH AFFIRMATIVE DEFENSE**
> Plaintiff's claims are barred, in whole or in part, under *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources,* 121 S. Ct. 1835 (2001).
>
> \*\*\*
>
> **NINTH AFFIRMATIVE DEFENSE**
> Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's Complaint fails to state a claim.

(*Id.* at 5-6).

Plaintiff contends that the Second through Sixth affirmative defenses are conclusory and do not provide him fair notice of the grounds upon which they rest. (ECF No. 18 at 3-7). Regarding the Ninth Affirmative Defense, Plaintiff asserts that it is a denial, not a valid affirmative defense. (*Id.* at 7-8).

In its Response, Defendant fails to address its Sixth and Ninth affirmative defenses, thereby conceding that those defenses should be stricken. (ECF No. 24). Defendant does attempt to demonstrate that its remaining affirmative defenses are sufficient, but does so without citation to any legal authority, in contravention of our Local Rules, and with minimal analysis. In particular, Defendant asserts that its Second, Third and Fourth Affirmative Defenses "were properly pled and are based on the limited facts concerning barriers which was provided in the Amended Complaint." (*Id.* ¶ 4). With respect to its Fifth Affirmative Defense, Defendant contends that "[t]hrough discovery, [it] shall uncover when the Plaintiff first became aware, or should have been aware, of the alleged ADA violations." (*Id.* ¶ 5).

I consider each of the affirmative defenses at issue in turn.

## II.     Standard

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Bluegreen Vacations Unlimited, Inc. v. Timeshare Termination*

*Team, LLC*, No. 20-cv-25318, 2021 WL 4066899, at *1 (S.D. Fla. Sept. 7, 2021) (quoting *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013)).

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts should strike affirmative defenses that are "insufficient as a matter of law." *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). "A defense is insufficient as a matter of law only if the pleading on its face is patently frivolous, or it is clearly invalid as a matter of law." *Id.* (quoting *Marley v. Jetshares Only, LLC*, No. 10-23178-CIV, 2011 WL 2607095, at *1 (S.D. Fla. June 30, 2011)). Courts do, however, have broad discretion under this Rule. *Morrison v. Exec. Aircraft Refinishing Co.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). "[A] motion to strike is a drastic remedy, which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Bluegreen Vacations*, 2021 WL 4066899, at *1 (alterations adopted) (quotation marks and citations omitted).

There is disagreement among district courts regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not decided this question. Some divisions of this Court have held that affirmative defenses are subject to the pleading standard of Federal Rule of Civil Procedure 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g.*, *Gomez v. M10 Motors LLC*, No. 19-23372-CV, 2019 WL 7049501, at *2 (S.D. Fla. Dec. 23, 2019) (Torres, J.); *Electronic Commc'n Techs., LLC v. Clever Athletics Co., LLC*,

4

221 F. Supp. 3d 1366, 1368 (S.D. Fla. 2016) (Dimitrouleas, J.); *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) (King, J.); *FDIC v. Bristol Home Mortg. Lending, LLC*, No. 08-81536-CIV, 2009 WL 2488302, at *2 (S.D. Fla. Aug. 13, 2009) (Cohn, J.). Under that standard, "affirmative defenses which merely offer 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' … [They] would have to contain factual allegations sufficient to 'raise a right to relief above the speculative level'." *Ramnarine*, 2013 WL 1788503, at *1 (citations omitted).

Other divisions of this Court have concluded that "affirmative defenses are subject to [a] less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only 'provide fair notice of the nature of the defense and the grounds upon which it rests'." *Bluegreen Vacations*, 2021 WL 4066899, at *1 (citations omitted). *See, e.g.*, *id.* at *2 (Bloom, J.); *Brito v. Palm Springs Mile Assocs., Ltd.*, No. 20-24701-Civ, 2021 WL 2634863, at *1 (S.D. Fla. Feb. 3, 2021) (Scola, J.); *RooR v. Wellington Elite Trading, Inc.*, No. 16-61895-CIV, 2017 WL 5953291, at *2 (S.D. Fla. May 31, 2007) (Goodman, J.); *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) (Moore, J.); *Ramnarine*, 2013 WL 1788503, at *3 (Rosenbaum, J.). These courts note the difference in the language of Rule 8(a) – which supports a higher pleading standard for a claim – and Rules 8(b) and (c) – which supports a lower pleading standard for the party answering a complaint.

The *Ramnarine* decision, written by then-District Judge Robin Rosenbaum, thoroughly analyzes both approaches, and concludes that affirmative defenses are not subject to the Rule 8(a) pleading standard of *Twombly* and *Iqbal*. *Ramnarine*, 2013 WL 1788503, at *2-3. I find her reasoning persuasive and adopt it here. Accordingly, I conclude

that Defendant's affirmative defenses are sufficiently pled if they give fair notice of the nature of the defense and the grounds on which it rests.

### III.     Analysis

As mentioned, Defendant does not dispute that its Sixth Affirmative Defense should be stricken, and the Court therefore strikes this defense. Defendant also does not dispute that its Ninth Affirmative Defense should be stricken; however, this defense is a denial. *See, e.g.*, *Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, No. 08-cv-1048-T-24, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008) ("The [] affirmative defense ... that [Plaintiff] has failed to state a claim ... is a denial of [Plaintiff's] claim, rather than an affirmative defense."). "The proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike [it] but instead to treat it as a specific denial." *Ramnarine*, 2013 WL 1788503, at *4. Because the Ninth Affirmative Defense is, in fact, a denial, the Court denies the Motion to Strike this defense.

#### A.     Second, Third, and Fourth affirmative defenses

Plaintiff argues that Defendant's Second, Third, and Fourth affirmative defenses should be stricken because they are conclusory and fail to provide Plaintiff notice of the grounds upon which they rest. (ECF No. 18 at 3-5). In particular, Plaintiff contends that these defenses are insufficient because Defendant does not identify the specific barriers that fall within each defense. (*Id.*).

An ADA plaintiff bears the initial burden to prove "(1) that an architectural barrier exists; and (2) that the proposed method of architectural barrier removal is 'readily achievable,' i.e., 'easily accomplishable and able to carried out without much difficulty or

expense' under the particular circumstances of the case." *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006) (quoting *Colorado Cross Disability Coalition v. Hermanson Fam. Ltd. P'ship I*, 264 F.3d 999, 1007 (10th Cir. 2001)). If the plaintiff meets this burden, "the burden then shifts to the defendant to prove the affirmative defense that the removal of a barrier is not readily achievable." *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 417 (11th Cir. 2011).

The Second and Third affirmative defenses plainly put Plaintiff on notice that Defendant intends to raise the issue that barrier removal is not "readily achievable," and that removal imposes an undue burden. This is sufficient to withstand a motion to strike. *See Ramnarine*, 2013 WL 1788503, at *3 ("[S]o long as Defendants' affirmative defenses give Plaintiffs notice of the claims Defendants will litigate, the defenses will be appropriately pled under Rules 8(b) and (c).").

Defendant's Fourth Affirmative Defense – that it adequately provided access through readily achievable alternative methods – similarly puts Plaintiff on notice of a potential issue in this litigation. Even if Defendant shows that barrier removal is not "readily achievable," Defendant may still be liable for violating the ADA if it failed to "make such goods, services, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Whether Defendant made its facilities available through alternative methods is an issue that Defendant may litigate, and its Fourth Affirmative Defense gives Plaintiff notice of this.

Plaintiff does not cite any legal authority to support the notion that Defendant has an obligation to identify which of the eighteen (18) architectural barriers alleged in the Complaint are addressed by each affirmative defense. Such specificity is not required by Rules 8(b) and (c). The Second, Third and Fourth affirmative defenses adequately inform Plaintiff of the nature of these defenses and the grounds on which they rest. For the foregoing reasons, the Court denies Plaintiff's motion to strike Defendant's Second, Third, and Fourth affirmative defenses.[1]

B.  Fifth Affirmative Defense

Plaintiff argues that Defendant's Fifth Affirmative Defense – that Plaintiff's claims are barred by the statute of limitations – is conclusory because Defendant does not allege any supporting facts. (ECF No. 18 at 5). Courts regularly conclude that "simply stating that Plaintiff's claims are barred by the statute of limitations is sufficient to put Plaintiff on notice of a statute of limitations defense." *See, e.g.*, *Smith v. Wal-Mart Stores, Inc.*, No. 11-cv-226, 2012 WL 2377840, at *5 (N.D. Fla. June 25, 2012); *see also Bluegreen Vacations*,

---

[1] The Court notes that the latter part of Defendant's Second Affirmative Defense is not actually a defense. It states: "Plaintiff has failed to articulate a plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits." (ECF No. 17 at 5). This allegation points out a defect in Plaintiff's prima facie case. Plaintiff can satisfy his burden to show barrier removal is "readily achievable" by, among other things, submitting a detailed and reliable cost analysis. *See, e.g.*, *Gathright-Dietrich*, 452 F.3d at 1274-75. Defendant's allegation that Plaintiff fails to allege a cost-effective proposal for barrier removal is thus a denial of Plaintiff's claim, rather than an affirmative defense. *See In re Rawson Food Serv., Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). Instead of striking this allegation, however, the Court will treat it as a denial. *See Bristol Home Mortg. Lending*, 2009 WL 2488302, at *3 ("Where a party labels a specific denial as a defense in its pleadings, courts will generally treat the defense as a denial.").

2021 WL 2476488, at *3. I therefore find that Defendant's Fifth Affirmative Defense gives Plaintiff sufficient notice of the nature of the defense and the grounds upon which it rests.[2,3]

      C.      <u>Tenth Affirmative Defense</u>

The Court raises *sua sponte* a defect in Defendant's Tenth Affirmative Defense, which states: "Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff lacks standing to bring this claim." (ECF No. 17 at 6). This is a shorter restatement of Defendant's First Affirmative Defense, which specifically states:

> Plaintiff's claims are barred, in whole or in part to the extent that Plaintiff lacks standing. Plaintiff has not, and cannot, establish that his injury is actual or eminent, where Plaintiff never patronized the subject property and/or cannot show a plausible intent or desire to return to the subject property. Further, Plaintiff has not, and cannot, establish that there is a likelihood of discrimination should he return to that place.

(*Id.* at 5). Rule 12(f) permits this Court to act "on its own" to "strike from a pleading ... any redundant ... matter." Fed. R. Civ. P. 12(f)(1) (allowing a court to strike an insufficient defense *sua sponte*). The Court thus strikes Defendant's Tenth Affirmative Defense as redundant of the First Affirmative Defense.

---

[2] Plaintiff relies on *Lynch v. Cont'l Grp., Inc.*, No. 12-21648-CIV, 2013 WL 166226, at *3 (S.D. Fla. Jan. 13, 2013), but the court there applied the *Twombly*/*Iqbal* standard which, as discussed *supra*, I decline to follow.

[3] Plaintiff also disputes the merits of this affirmative defense, arguing that he has satisfied the four-year statute of limitations set forth in the ADA. (ECF No. 18 at 5). The Court cannot decide this question on a motion to strike. "[T]he purpose of a motion to strike affirmative defenses is not to adjudicate the merits of the defenses, but to strike any defenses that are legally insufficient." *Milgram v. Chase Bank USA, N.A.*, No. 19-CV-60929, 2020 WL 3791609, at *4 (S.D. Fla. July 6, 2020) (citation omitted). The case that Plaintiff relies upon, *Merker v. Miami-Dade Cnty.*, 485 F. Supp. 2d 1349 (S.D. Fla. 2007), is inapplicable because that court resolved the defendant's statute of limitations issue on summary judgment. *Id.* at 1354-55. Accordingly, Plaintiff's assertion is not an appropriate basis to strike Defendant's Fifth Affirmative Defense.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Strike Defendant's Second, Third, Fourth, Fifth, and Ninth affirmative defenses. The Court **GRANTS** Plaintiff's Motion to Strike Defendant's Sixth Affirmative Defense, and *sua sponte*, **STRIKES** Defendant's Tenth Affirmative Defense.

DONE and ORDERED in Miami, Florida, this 12th day of January 2022.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
    Counsel of Record